UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

VICKI DIMONE,
        Plaintiff,

vs.

OAKLAND PARK ANIMAL
HOSPITAL, INC., a Florida
corporation, and SPENCER
RATNOFF, D.V.M., Individually,
        Defendants.
_____/

CASE NO.

COMPLAINT

    Plaintiff, VICKI DIMONE, by her undersigned counsel, hereby files this Complaint for Damages against the Defendants, OAKLAND PARK ANIMAL HOSPITAL, INC., a Florida corporation, and SPENCER RATNOFF, D.V.M., Individually, and in support hereof, Plaintiff states as follows:

## I.
## INTRODUCTION

1. This is an action to recover unpaid overtime compensation, under the Fair Labor Standards Act, as amended, 29 U.S.C. Section 201, *et seq.*, hereinafter referred to as, the "FLSA."

## II.
## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. Section 216 (b) and 28 U.S.C. Section 1331. At all times pertinent to this Complaint, the corporate Defendant, Oakland Park Animal Hospital, Inc., was an enterprise, engaged in interstate commerce.

1

3. At all times pertinent to this Complaint, the corporate Defendant, Oakland Park Animal Hospital, Inc., regularly owned and operated a business, an animal hospital and veterinary practice, which was engaged in commerce, or in the production of goods in commerce, as defined in Section 3 (r) and Section 3(s) of the FLSA, 29 U.S.C. Section 203 (r) and 203 (s).

4. The Defendants, herein, the corporate Defendant, Oakland Park Animal Hospital, Inc., and the Individual Defendant, Spencer Ratnoff, D.V.M., are subject to the jurisdiction of this Court, because they engage in substantial business activity, and not isolated business activity, within the Southern District of Florida.

## III.
## VENUE

5. The venue of this Court over this case and controversy is based upon the following predicate acts:

   a. The unlawful employment practices alleged below occurred and or were committed in the Southern District of Florida; and

   b. Defendants were and continue to be a corporation and an individual, doing business within this judicial district.

## IV.
## PARTIES

6. At all times material hereto, Plaintiff, Vicki Dimone ("DIMONE"), was a resident of Oakland Park, Broward County, Florida, and she was an "employee" within the meaning of the FLSA.

7. At all times material hereto, the corporate Defendant, Oakland Park Animal Hospital, Inc. (hereinafter, referred to as, "HOSPITAL"), a Florida corporation, was operating an animal hospital, in Oakland Park, Broward County, Florida; with its principal place of business in that city.

8. At all times material hereto, the individual Defendant, Spencer Ratnoff, D.V.M. ("RATNOFF"), was a licensed veterinarian, authorized to practice veterinary medicine, in the State of Florida; and operating through the corporate Defendant, herein, Oakland Park Animal Hospital, Inc.

9. The individual Defendant, RATNOFF., is an "employer," along with the corporate Defendant, the HOSPITAL, since he acted as a corporate officer, with operational control of the corporation's covered enterprise.

10. At all times material hereto, Defendants were the employers of Plaintiff, DIMONE, pursuant to the FLSA, 29 U.S.C. Section 207(a) (1).

11. At all times material hereto, Defendants, the HOSPITAL and RATNOFF, were and they continue to be "employers," within the meaning of the FLSA.

12. At all times material hereto, Defendants knowingly and willfully failed to pay, to Plaintiff, DIMONE, her lawfully earned wages, overtime compensation, in conformance with the FLSA.

13. Defendants have committed willful and unlawful violations of the FLSA, and therefore, they are liable for the payment of monetary damages.

14. At all times material hereto, the corporate Defendant, the HOSPITAL, was and continues to be, an "enterprise engaged in commerce," within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiff, DIMONE, was directly essential to the business performed and operated by the Defendants.

16. Plaintiff, DIMONE, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## V.
## STATEMENT OF FACTS

17. On or about May 5, 2005, Plaintiff began working for the Defendants, in the performance of primarily, technician duties; and toward the end of her employment with the Defendants, she was working at the front desk, as an additional duty, in order to schedule appointments for the veterinary practice.

18. Most recently, and at least, during the last three (3) years of employment with the Defendants, Plaintiff was earning $16.50 per hour, for her duties, as an office technician and for the performance of front desk clerical duties.

19. Her office technician duties for the Defendants, included for example, performing injections under supervision, performing x-ray tasks under supervision, administering cold laser therapy, under supervision, operating the x-ray machine and attending to the intravenous administration, as well as operating the blood machines, under supervision.

20. Throughout the period of her employment from Monday, through Friday, Plaintiff would typically work, at least, fifty-five (55) hours per week, working through lunch, based upon the following schedule:

    (a) On Tuesday through Friday, from 12:00 noon. to 8:00 p.m., but Plaintiff would report to work early based upon the request of the Defendants.;

    (b) On Saturday, from 8 a.m. to 6:00 p.m.; and

    (c) Plaintiff would frequently work in excess of her scheduled hours, as noted above, because, for example, emergencies and surgeries needed to be completed; and hence, the average work week would amount to at least fifty (50) hours of work per week, for the Defendants.

21. During the final three-year period of her employment, Plaintiff worked an average of fifty (50) hours per week, performing non-exempt job functions, primarily such as providing personal assistance to the doctor in his practice, as well as performing clerical functions.

22. During the entire period of her employment, Plaintiff was only paid straight time for all of her hours, which she worked on behalf of the Defendants, including those hours worked in excess of forty (40) hours per week.

23. During the entire period of her employment, Plaintiff was not paid time and one half for all hours, which she had worked for the Defendants, in excess of forty (40) hours per week.

24. The Defendant employer(s) either knew, or showed reckless disregard for the matter of whether its work place conduct was prohibited by the applicable statute, the FLSA, or

the Defendant employer(s) showed reckless disregard for their responsibilities under the FLSA, by failing to make an adequate inquiry, into whether their conduct was in compliance with the FLSA.

25. Immediately prior to the separation of the Plaintiff from her employment on April 19, 2017, she complained to RATNOFF about merely being paid straight time, for all hours worked in excess of forty (40) hours per week, and RATNOFF replied that "neither he, nor the company paid overtime" wages.

## VI.
## STATEMENT OF CLAIM

### COUNT I
### [VIOLATION OF 29 U.S.C. Section 207 (UNPAID OVERTIME) AGAINST OAKLAND PARK ANIMAL HOSPITAL, INC.]

26. Plaintiff, DIMONE, repeats and re-alleges Paragraphs 1-25 of the Complaint, as if fully set forth herein.

27. During Plaintiff's employment for the Defendant, the HOSPITAL, Plaintiff worked in excess of forty (40) hours per week, during the months, dating from May 5, 2005, through April 19, 2017, for which she was not compensated at the statutory rate of time and one half for all of her hours of work.

28. Throughout the period of her employment with Defendants, from Tuesday, through Friday, Plaintiff would typically work ten (10) hour days, for five days per week, beginning, well prior to 12:00 p.m., and leaving the work place at and ending at 8:00 p.m.; and further, on Saturday, Plaintiff would work a ten hour day, beyond the scheduled ending times of between 8:00 a.m. and 6:00 p.m.; and at all material times,


the Defendant employer(s) showed reckless disregard for their responsibilities under the FLSA, by failing to make an adequate inquiry, into whether their conduct was in compliance with the FLSA.

25. Immediately prior to the separation of the Plaintiff from her employment on April 19, 2017, she complained to RATNOFF about merely being paid straight time, for all hours worked in excess of forty (40) hours per week, and RATNOFF replied that "neither he, nor the company paid overtime" wages.

## VI.
## STATEMENT OF CLAIM

### COUNT I
### [VIOLATION OF 29 U.S.C. Section 207 (UNPAID OVERTIME) AGAINST OAKLAND PARK ANIMAL HOSPITAL, INC.]

26. Plaintiff, DIMONE, repeats and re-alleges Paragraphs 1-25 of the Complaint, as if fully set forth herein.

27. During Plaintiff's employment for the Defendant, the HOSPITAL, Plaintiff worked in excess of forty (40) hours per week, during the months, dating from May 5, 2005, through April 19, 2017, for which she was not compensated at the statutory rate of time and one half for all of her hours of work.

28. Throughout the period of her employment with Defendants, from Tuesday, through Friday, Plaintiff would typically work ten (10) hour days, for five days per week, beginning, well prior to 12:00 p.m., and leaving the work place at and ending at 8:00 p.m.; and further, on Saturday, Plaintiff would work a ten hour day, beyond the scheduled ending times of between 8:00 a.m. and 6:00 p.m.; and at all material times,

during the period of her employment, the Defendant apparently did not possess any type of record keeping system, for calculating the hours worked by Plaintiff, or any similarly situated employees.

29. During the entire period of her employment, Plaintiff worked an average of fifty (50) hours per week, performing non-exempt job functions, such as, primarily assisting the doctor with the technical aspects of his practice, as well as clerical duties, through adhering to clerical responsibilities at the front desk.

30. Plaintiff, DIMONE, was entitled to be paid at the rate of time and one half for all of her hours, worked in excess of the maximum hours of forty (40) hours per week, as provided for within the FLSA.

31. Records, if any, concerning the compensation paid to Plaintiff and number of hours worked by Plaintiff, are in the possession and custody of the Defendant.

32. Plaintiff, DIMONE, intends to obtain these records, if any such records exist, through the use of appropriate discovery proceedings, which will be promptly initiated in this case; and if necessary, she will then seek leave of Court, to amend her Complaint for Damages, in order to set forth the precise amount of compensation, which is lawfully due to her, under the FLSA.

33. Defendant knew of, or showed, a willful disregard for the provisions of the FLSA, as evidenced by its failure to compensate DIMONE, at the statutory rate of time and one half, for all hours which she worked in excess of forty (40) hours per week, when the Defendant knew, or should have known, that such compensation was lawfully due to her under the FLSA.

34. Defendant failed to properly disclose, or to apprise Plaintiff, DIMONE, of her rights under the FLSA.

35. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff, DIMONE, is also entitled to liquidated damages, pursuant to the FLSA, separate and apart from the duly owed and accumulated overtime wages.

36. Due to the willful and unlawful acts of the Defendant, Plaintiff, DIMONE, has suffered damages, in the amount not presently ascertainable of unpaid wages, plus an equal amount of liquidated damages.

37. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. Section 216(b).

**WHEREFORE,** Plaintiff, VICKI DIMONE, respectfully requests that judgment be entered in her favor against the professional association Defendant, OAKLAND PARK ANIMAL HOSPITAL, INC., a Florida corporation, including the following substantive relief:

a. Declaring that Defendant, violated the overtime provisions of 29 U.S.C. Section 207;

b. Awarding Plaintiff overtime compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff her reasonable attorney's fees and costs, as well as the expenses of this litigation, pursuant to 29 U.S.C. Section 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief that this Court deems to be just and proper.

## COUNT II
### [VIOLATION OF 29 U.S.C. Section 207 (UNPAID OVERTIME) AGAINST SPENCER RATNOFF, D.V.M.]

38. Plaintiff, DIMONE, repeats and re-alleges Paragraphs 1-25 of the Complaint, as if fully set forth herein.

39. During Plaintiff's employment for the individual Defendant, RATNOFF., maintained operational control over his veterinary practice, the HOSPITAL, a Florida corporation, by performing the following acts:

    (a) Formulating the employees' compensation programs, including the compensation plan of Plaintiff;

    (b) Being intimately involved in the day to day operation and administration of his veterinary practice, the HOSPITAL, a Florida corporation; and

40. Having direct responsibility for the supervision of Plaintiff, as an employee of the veterinary practice, the HOSPITAL.

41. During Plaintiff's employment for the individual Defendant, RATNOFF, Plaintiff worked in excess of forty (40) hours per week, during the months, during the last three years of her employment, which ended on April 19, 2017, for which she was not compensated at the statutory rate of time and one half for all of her hours of work.

42. Throughout the period of her employment with Defendants, from Tuesday, through Friday, Plaintiff would typically work ten (10) hour days, for five days per week, beginning, well prior to 12:00 p.m., and leaving the work place at and ending at 8:00 p.m.; and further, on Saturday, Plaintiff would work a ten hour day, beyond the scheduled ending times of between 8:00 a.m. and 6:00 p.m.; and at all material times,

during the period of her employment, the Defendant apparently did not possess any type of record keeping system, for calculating the hours worked by Plaintiff, or any similarly situated employees.

43. During the entire period of her employment, Plaintiff worked an average of fifty (50) hours per week, performing non-exempt job functions, such as, primarily providing personal assistance to the veterinarian in his practice, as well as some clerical front desk duties, during the latter part of her tenure of employment with the Defendant.

44. Plaintiff, DIMONE, was entitled to be paid at the rate of time and one half for all of her hours, worked in excess of the maximum hours of forty hours per week, as provided for within the FLSA.

45. Records, if any, concerning the compensation paid to Plaintiff and number of hours worked by Plaintiff, are in the possession and custody of the Defendant.

46. Plaintiff, DIMONE, intends to obtain these records, if any such records exist, through the use of appropriate discovery proceedings, which will be promptly initiated in this case; and if necessary, she will then seek leave of Court, to amend her Complaint for Damages, in order to set forth the precise amount of compensation, which is lawfully due to her, under the FLSA.

47. Defendant knew of, or showed, a willful disregard for the provisions of the FLSA, as evidenced by her failure to compensate DIMONE, at the statutory rate of time and one half, for all hours which she worked in excess of forty (40) hours per week, when Defendant knew, or should have known, that such compensation was lawfully due to her under the FLSA.

48. Defendant failed to properly disclose, or to apprise Plaintiff, DIMONE of her rights under the FLSA.

49. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff, DIMONE, is also entitled to liquidated damages, pursuant to the FLSA, separate and apart from the duly owed and accumulated overtime wages.

50. Due to the willful and unlawful acts of the Defendant, Plaintiff, DIMONE, has suffered damages, in the amount not presently ascertainable of unpaid wages, plus an equal amount of liquidated damages.

51. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. Section 216(b).

**WHEREFORE,** Plaintiff, VICKI DIMONE, respectfully requests that judgment be entered in her favor against the individual Defendant, SPENCER RATNOFF, D.V.M., including the following substantive relief:

a. Declaring that Defendant, violated the overtime provisions of 29 U.S.C. Section 207;

b. Awarding Plaintiff overtime compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff her reasonable attorney's fees and costs, as well as the expenses of this litigation, pursuant to 29 U.S.C. Section 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief that this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Respectfully submitted,

Mark J. Berkowitz, P.A.
Attorney for Plaintiff
800 S.E. Third Avenue
Suite 400
Ft. Lauderdale, Florida 33316
(954) 527-0570 Telephone
(954) 767-0483 Telecopier
E-mail: labor@markjberkowitz.com
Fla. Bar No. 369391

/s/ Mark J. Berkowitz
By: Mark J. Berkowitz

Dated on this 12th day of May, 2017.